UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON DALE MEADOR, | No. 2:17-cv-0203-KJM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| FRED MARTIN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court previously determined that plaintiff stated a viable Eighth Amendment claim against defendant Mack. ECF No. 15. Plaintiff alleged that Mack distributed a false 'chrono' identifying him as a child molester to an inmate who had previously murdered suspected child molesters. *Id.* at 3. All other defendants were dismissed. *See* ECF Nos. 15, 18. Now, plaintiff has filed two motions for preliminary injunction. ECF Nos. 19 & 22. In his first, he argues that defendant and his "union partners" are placing his life at risk by showing 'chronos' to inmate gang members at four separate prisons. ECF No. 19 at 1. In his second, he argues that nine attempts have been made on his life by multiple individuals in the department of corrections. ECF No. 22 at 1. After review of plaintiff's motions, the court recommends that both be denied.

**I.  Legal Standards**

"A preliminary injunction is an 'extraordinary and drastic remedy,' 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948, p. 129 (2d ed.1995) [] (footnotes

omitted); it is never awarded as of right, *Yakus v. United States*, 321 U.S. 414, 440 (1944)." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). "The sole purpose of a preliminary injunction is to "preserve the status quo ante litem pending a determination of the action on the merits." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009) (*citing L.A. Memorial Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1200 (9th Cir.1980)); *see also* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2947 (2d ed. 2010)

In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff, . . . assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). An injunction against individuals who are not parties to the action is strongly disfavored. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969).

Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

**II.     Analysis**

    **A.     First Motion for Preliminary Injunction (ECF No. 19)**

Here, plaintiff's motion must be denied for several reasons. First, he fails to describe the contours of the injunctive relief he seeks. He alleges that "[a] preliminary injunction is necessary to prevent certain harm or death . . . while he awaits the final disposition of the case." ECF No.

2

19 at 2-3. Plaintiff does not, however, articulate the specific injunctive relief he would have the court order. The court cannot grant a request for a 'generic' injunction. *See Smith v. Canu*, 2009 U.S. Dist. LEXIS 68781, *19, 2009 WL 2424571 (E.D. Cal. Aug. 5, 2009) ("Plaintiff cannot seek a generic injunction. . . . [p]laintiff must specify what he would like the court to enjoin (prevent) defendants from doing.").

Second, plaintiff alleges that much of the responsibility for the immediate threats to his life stems from the actions of defendant's "union partners." ECF No. 19 at 1. It is unclear how many "union partners" plaintiff alleges are involved in threatening him and he does not identify these individuals in any way. This failure in identification necessarily precludes an effective, narrowly drawn injunction.

Third, plaintiff has not addressed the question of whether he is likely to succeed on the merits of this case, how the relief he seeks is related to the merits of his claims, the balance of the equities, or the public interest factors. At an irreducible minimum plaintiff must establish "serious questions going to the merits" of his claims. *See Alliance for Wild Rockies*, 632 F.3d at 1134-35.

Fourth, plaintiff has not provided any evidence to support his assertions of irreparable harm. *Herb Reed Enters., LLC v. Fla. Entm't Mgmt.*, 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm.").

### B. Second Motion for Preliminary Injunction (ECF No. 22)

In this motion, plaintiff alleges that: (1) an unnamed chief deputy warden at Salinas Valley State Prison ("SVSP") issued an order to non-defendant staff to provide information to a prison gang that plaintiff was a "historical child molester," causing those gang members to attempt his murder on July 9, 2017 (ECF No. 22 at 2); (2) on July 10, 2017, methamphetamine was placed in his coffee which caused him to enter cardiac arrest (*id.* at 2-3); (3) after return to SVSP from the hospital, on July 27, 2017, an unnamed chief deputy warden placed him back on the "D-Yard" with knowledge that he would be injured or killed by "Fred Clark's homeboys" (*id.* at 3); (4) on July 28, 2017 members of Clark's gang attempted to open plaintiff's cell in order to

3

assault him (*id.*); and (5) plaintiff was so desperate that he constructed a prison knife in order to be placed in administrative segregation. *Id.* He requests an injunction: (1) preventing defendant, his successors in office, agents, and employees from using inmate gangs to kill or assault him; and (2) that plaintiff not be placed back in the SVSP A or D yards or any yard where he would encounter known enemies. *Id.* at 6.

The court finds it appropriate to recommend denial of this second motion for many of the same reasons articulated in the foregoing section. Most critically, plaintiff has failed to provide any evidence to substantiate his claims of imminent, irreparable harm. He claims that he has "a plethora of documented evidence to support his claims" (*id.* at 5), but he has neither attached this evidence to his motion nor cited to it elsewhere in the record. Nor has he substantively addressed the other *Winter* factors - whether he is likely to succeed on the merits of this case, how the relief he seeks is related to the merits of his claims, the balance of the equities, or the public interest factors.

Finally, the court notes that plaintiff's recent address change indicates that he has been transferred from Salinas Valley State Prison to California State Prison, Los Angeles County. ECF No. 23. Given that his motion seeks a court order dictating that he not be placed "back on the SVSP yards" (ECF No. 22 at 6), it is far from clear that an injunction is still necessary.

### III. Conclusion

Based on the foregoing, it is RECOMMENDED that plaintiff's motions for preliminary injunction (ECF Nos. 19 & 22) be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 13, 2017.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE